Law Offices of Travis Gagnier, Inc., P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
253-941-0234; gagnierecf@bestbk.com

Honorable Christopher M. Alston

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

**BYTNAR, Bradley William,**
Debtor.
_____
**BYTNAR, Bradley William,**

Plaintiff,

v.

**UNITED STATES OF AMERICA ACTING THROUGH THE U.S. DEPARTMENT OF EDUCATION,**

Defendant.

Number 25-11494

Adversary Number: 25-0

**COMPLAINT TO DETERMINE DISCHARGEABILTY OF STUDENT LOANS**

Bradley William Bytnar, the Debtor (hereinafter "Plaintiff") allege as follows:

### A. Jurisdiction

1. That this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 & 28 U.S.C. 157(b)(2)(G). This matter relates to a case under Title 11 of the United States Code. This proceeding is defined as a "core proceeding" as that is defined in the Code. Plaintiff consents to entry of final orders or judgment by the bankruptcy court in this adversary proceeding.

### B. History

2. Plaintiff filed his Chapter 13 Bankruptcy Proceeding in the United States bankruptcy court for the Western District of Washington on May 30, 2025 under case number 25-11494.

3. That this Court upon the filing of the Petition duly entered an Order for Relief under the provisions of the Bankruptcy Code.

COMPLAINT - 1

Law Offices of Travis Gagnier, Inc., P.S
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234; gagnierecf@bestbk.com

Case 25-01102-CMA    Doc 1    Filed 10/13/25    Ent. 10/13/25 06:28:43    Pg. 1 of 3

4. That Jason Wilson-Aguilar was appointed the Chapter 13 Trustee in the Bytnar Chapter 13 case and serves in that capacity in this case.

### C. Facts and Allegations

5. That pursuant to 11 USC § 523(a)(8) educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or an obligation to repay funds received as an educational benefit, scholarship, or stipend; or any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual are nondischargeable unless excepting the debt from discharge would impose an undue hardship on the debtor or the debtor's dependents. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278 (2010) ("the bankruptcy court must make an independent determination of undue hardship . . . even if the creditor fails to object or appear in the adversary proceeding."). This inquiry is undertaken through a formal adversary proceeding in the bankruptcy court. *United Student Aid Funds*, 559 U.S. at 263-64; Fed. R. Bankr. P. 7001(6).

6. That on the 4th day of August 2025, Defendant, United States of America acting through the U.S. Department of Education, filed a proof of claim which as been docket as claim no. 7 in the amount of $136,586.03. Defendant, United States of America acting through the U.S. Department of Education, has designated this proof of claim as a claim arising out of student loans owed by Plaintiff.

7. That Plaintiff believes and alleges that the repayment of student loans to Defendant would impose an undue hardship on Plaintiff.

8. That on or about the 17th day of November 2022 The Department Justice issued Guidance for Department of Justice Attorneys in regards to Student Loan Bankruptcy Litigation which Plaintiff is requesting the Defendant utilize in evaluating whether Plaintiff's

COMPLAINT - 2

Law Offices of Travis Gagnier, Inc., P.S
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234; gagnierecf@bestbk.com

student loans should be discharged. Plaintiff acknowledges that the Guidance Memorandum is an internal Department of Justice policy directed at Department components and employees and it is not intended to and does not create any rights, substantive or procedural, enforceable at law by any party in any matter.

    9. Plaintiff requests that upon receipt of this Complaint that Defendant will provide Plaintiff's attorney with the record of Plaintiff's account history, loan details, and, where available, educational history.

    10. Upon receipt of the information from Defendant as to Plaintiff's student loans, Plaintiff will prepare and file in this adversary proceeding an Attestation (as prescribed by the Department of Justice) in order to assist Defendant in stipulating to facts demonstrating that the debts would impose an undue hardship on the Plaintiff and recommend to the Court that Plaintiff's students loan be discharged if three conditions are satisfied: (1) Plaintiff presently lacks an ability to repay the loan; (2) Plaintiff's inability to pay the loan is likely to persist in the future; and (3) Plaintiff has acted in good faith in the past in attempting to repay the loan.

    11. Upon receipt of Plaintiff's Attestation Plaintiff requests that Defendant stipulate to facts demonstrating that a debt would impose an undue hardship and recommend to this Court that Plaintiff's student loan be discharged.

### D. Request for Relief

WHEREFORE, Plaintiff respectfully requests the entry of a judgment declaring the debts owed Defendant to be dischargeable debts and such other and further relief as the Court.

Dated this 13th day of October 2025.

Law Offices of Travis Gagnier, Inc., P.S.
Attorneys for Plaintiff
/s/ Travis A. Gagnier
Travis A. Gagnier, WSBA #26379
Gregory Jalbert, WSBA #9480

COMPLAINT - 3

Law Offices of Travis Gagnier, Inc., P.S
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234; gagnierecf@bestbk.com